## SUPREME COURT.

JOHN ROACH, JORDON L. MOTT and GARRET ROACH agt. ISAAC F. DUCKWORTH.

*Creditor's action against trustee of manufacturing corporation.*

A loan of $6,000 was made by A. to B., for the benefit of a manufacturing corporation of which B. was trustee, he giving as collateral security $6,000 of the corporation's bonds, of which he was the owner. On nonpayment of the indebtedness, A. caused the bonds to be sold at public auction and to be bid in for his benefit by C., a clerk in the office of his attorneys, for a nominal sum for which C. gave his note, which was paid with funds furnished him for the purpose. A judgment subsequently

recovered by C. against D. in this court for the amount of the bonds, for D.'s default as trustee of the corporation in filing annual reports, was satisfied upon payment by D. of $1,300. A., who received no part of this money, moved to set aside the satisfaction (which was made without his knowledge) as in fraud of his rights, his attorneys joining in the motion, alleging a lien upon the judgment for professional services, of which lien C. was cognizant. The court refused to interfere. A., in a suit in his own name in the common pleas against D. and other of the trustees, to recover for the same defaults set forth in B.'s action against D., obtained judgment for the $6,000 loaned by him to the corporation. D. and his cotrustees becoming aware long after both judgments were obtained that A. had sued in B.'s name and that both claims in fact belonged to A., sought to vacate the common pleas judgment, but the application was refused, " without prejudice to any motion for any other relief." They then brought this action against A. to enjoin the enforcement of said judgment:

*Held*, 1. That this action is within the terms of the favor granted the moving party upon denial of the application to vacate the common pleas judgment:

2. Though in fact the corporation was indebted in $12,000 on the bonds and money loaned, yet, as the bonds belonged to B., a trustee, he could not maintain an action against cotrustees for defaults in filing annual reports in which he had participated; and A., after selling the bonds held by him as security for a debt, could not recover in a suit for his benefit on the bonds, and on the debt besides.

3. Such recovery for the advantage, in part, of B., could not be permitted, as it would be allowing by indirection what could not be done directly.

4. That A. and his attorneys have lost the fruits of the judgment in favor of B., results from the unusual way in which they elected to proceed.


*Special Term, April,* 1881.

*George W. Van Sickler,* for plaintiffs.

*Hatch & Van Allen,* for defendant.


VAN VORST, J. — The claim of the defendant Duckworth against the Ætna Iron Works for moneys loaned was the sum of $6,000. A question arises under the evidence as to whether the money was not loaned in reality to Birdsall Cornell, one of the trustees and the president of the company, personally.

But if Cornell borrowed the money, he did so for the company, which in the end received the same. There is enough to justify the conclusion that the company was a debtor to the defendant for the amount.

As collateral security for the repayment of this loan Cornell delivered to Duckworth, subsequently, bonds of the corporation, of which he was the owner, to the amount of $6,000. These were corporate obligations.

As Cornell had been the instrument through which this money had been borrowed he may have supposed that he was in some way bound to secure Duckworth the return of this money, and therefore pledged his own securities for such purpose.

The indebtedness of $6,000 was not paid, and the defendant caused the bonds made by the corporation, and which he held as collateral security, to be sold at public auction. Although he went through the form of a sale, no actual and intentional disposal of the bonds was made.

The bonds were struck off at the sale to one Croker, who was a clerk in the law office of the attorneys for the defendant, for the nominal sum of $640. For this sum Croker gave his note, which was afterwards paid, or pretended to be, with funds furnished to Croker for the purpose. The purchase was made in the interest of and for the defendant, the seller of the bonds. An action was afterwards commenced in this court in the name of Croker by the attorneys of the defendant against John Roach, one of the plaintiffs in this action, and who was a trustee of the corporation, to recover from him the amount of these bonds, as an obligation of the corporation, upon the ground that the trustees had failed to file the annual reports called for by the statute in respect to manufacturing corporations, and a judgment was recovered against John Roach for the amount of the bonds. Croker afterwards, upon receiving from Roach, or his attorney, the sum of $1,300, satisfied that judgment, and it was discharged of record.

This satisfaction of the judgment was made by Croker without the knowledge of Duckworth, who received no part of the moneys which were paid to Croker upon the satisfaction.

The defendant Duckworth afterward, and upon the ground that he was the real owner of the judgment and the party in interest, and that the satisfaction was in fraud of his rights, moved to set aside the satisfaction and to restore the judgment. In this motion his attorneys joined, for the reason, as they allege, that they had a lien upon the judgment to the amount of $2,000 in pursuance of an arrangement between themselves and Duckworth, of which Croker was cognizant. This lien was for professional services. The motion was denied, and the order of denial was affirmed on appeal. The court, according to the opinion delivered at General Term, "did not feel called upon by any rule of law or equity to interfere on behalf either of Duckworth or of his attorneys."

"The whole scheme," as the opinion of the General Term states, "as arranged between them and Croker, was obviously to collect a double penalty of the defendant Roach for a single indebtedness," and properly failed.

The real claim in favor of Duckworth was that for the sum of $6,000, loaned by him to the corporation, for which he held the bonds as collateral security. Upon that demand of $6,000 he commenced an action in the court of common pleas in his own name against John Roach and other of the trustees, to recover for a default in filing annual reports in the years 1874 and 1875, being the same defaults mentioned in the complaint in the action in this court in the case of *Croker* agt. *Roach*. In that action, in the court of common pleas, Duckworth recovered a judgment against John Roach and other trustees for the amount of that indebtedness. The fact that Duckworth sued in Croker's name, and that both claims in fact belonged to Duckworth, were unknown to John Roach and his cotrustees until long after both judgments were obtained.

Under the circumstances of the case, the judgment in this court in favor of Croker, the nominal plaintiff, against Roach, could have been plead in bar to the action in the court of common pleas had all the facts been known in season. The general term of this court has so held. After the satisfaction of the judgment in this court an application was made by Roach in the court of common pleas to vacate the judgment recovered in favor of Duckworth against Roach and others; but that motion was denied, and the denial was affirmed on appeal. But at the general term of the court of common pleas the denial was made "without prejudice to any motion for any other relief."

What is asked in substance in this present action is an order of injunction perpetually restraining the collection of the judgment in favor of *Duckworth* agt. *Roach and others*. It is claimed by the learned counsel for the defendant that the order of the court of common pleas is an answer to this suit. I do not think so. I think that this action is within the terms of the favor granted to the moving party upon the affirmance of the order denying the motion to set aside the judgment.

It is true that this is an action and not a motion, but I have no idea that the court of common pleas intended to limit the moving party to the mere form in which he would ask for relief if he was entitled to any.

It is, however, argued upon the merits, that the company was in fact indebted in the sum of $12,000, that the bonds for $6,000 represented a claim against the corporation for their face, and that Duckworth had a distinct claim for $6,000, money loaned.

But the bonds in fact belonged to Birdsall Cornell, a trustee; he pledged them to Duckworth as collateral to the loan made by Duckworth for $6,000.

Birdsall Cornell could not in his own name have prosecuted his cotrustees for a default in filing annual reports in which he had himself participated. The action is penal in its nature.

And the fact that Duckworth purchased at the auction sale the bonds held by him as security for a debt in the name of another, but for his own benefit, will not enable him to recover on the bonds and on his debt in addition. This would enable him to recover $12,000 when but $6,000 were due him.

Nor could he equitably prosecute both the bonds and his original indebtedness for the advantage in part of Birdsall Cornell. For should he recover both amounts he must in the end account to Birdsall Cornell for all excess over $6,000. This would be allowing by indirection what could not be directly done, for the reasons above stated.

There can only be one satisfaction of the claim against Duckworth against the trustees for the defaults in 1874 and 1875, and that was had when the judgment in favor of Croker was canceled.

That Duckworth and his attorneys have lost the fruits of that judgment results from the unusual way in which they elected to proceed.

Equity demands that Roach should not be doubly vexed for the same default, and that Duckworth should not recover twice the sum of his demand against the corporation from Roach and his associate trustees, either for his own advantage or that of Birdsall Cornell, a cotrustee with Roach. The *bona fides* of the settlement between Roach and Croker was definitely decided, upon the motion to set aside the satisfaction of the judgment, and no fact appears here which was not adduced on the hearing of that motion.

The result reached is that the defendant should be enjoined from collecting or attempting to enforce his judgment which is still outstanding, described in the complaint herein, and the judgments of affirmance thereof, and the plaintiff should recover the costs of this action.